*P. W. Hardin, for appellant.*

---

JOHN B. LASHLEY ET AL. *v.* G. B. PATTON ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—619, as Lasley v. Patton.]

**Bond for Title.**

Where one has a bond for a deed for two tracts of land, and after the death of the person from whom he secured the bond sues the heirs for title to one of the tracts, but made no demand for the other tract, and the land was conveyed by such heirs and has been in possession of such grantees and their grantees for more than thirty years without any notice of any claim against their title, and the bond for title has been destroyed for many years, the failure of those claiming under such bond to notify the parties who were in possession of their title, or to take any steps for its recovery for so long a time, amounts to an abandonment of their claim and a confirmation of the act of their mother in canceling the bond. They can not recover against the good faith purchasers in possession.

APPEAL FROM BOYD CIRCUIT COURT.

January 16, 1883.

OPINION BY JUDGE PRYOR:

The facts of the record indicate clearly an abandonment of title or right by the heirs of Lashley by reason of their laches in the prosecution of their claim. They held a bond for title to the home place as well as the land in controversy. They sued Howe's heirs for title to the one tract but did not sue for or demand a title to the land in dispute. The decided weight of the testimony conduces to show that the land has been in the possession of others for more than thirty years without notice of appellant's title. These parties have been holding under absolute deeds, and appellants under a bond for title that had been destroyed for many years. Besides, they allege and prove that they were cognizant during the entire period of their right to the land, and their failure to notify the parties who were in possession of their title or to take the proper steps for its recovery is such as amounts to a confirmation of the act of their mother in canceling the bond. The oldest child was 42 years of age, and the youngest nearly 30, when this action was brought, and their acquiescence in what their mother did ought to preclude a recovery. There is the testimony of one witness who purchased and entered upon this land, he says, knowing of appellants' claim, but he entered because he thought it of no consequence. These parties in possession are purchasers in good faith, and such an equity to the land as is manifested by the appellants in this case ought not to be enforced after the lapse of so many years.

There is one question, however, in this case that necessitates a reversal. John Ross, who married one of the children of John Lashley, united with them in the prosecution of this action. He was one of the plaintiffs. During the progress of the case he purchased of one of the appellees (Means) his interest in the land in controversy, and files what he terms an amended petition setting up that fact. Means filed no answer and admits by his silence the claim of appellants, unless the pleading filed by Ross is to be regarded as a substitution of Ross for Means. This he does not ask to have done, but chooses to permit the action to progress, and when finally disposed of Means obtains a judgment for the land,

which of course enures to the benefit of Ross. This can not be. Ross was not entitled to a judgment, nor was Means. The purchase of Means by Ross enured to the benefit of all the plaintiffs in the action, and only so much of the land as belonged to the other appellees should have been adjudged to them and the balance to the appellants. The appellee, Ross, had perfected the title and will not be allowed, after uniting with these appellants as plaintiff in the action, although in right of his wife, to purchase during its progress the title of the defendants and in that manner obtain the possession. He bought with a perfect knowledge, as he admits in his pleading, of the right of the appellants to the land, and was seeking to enforce their equity as well as that of his wife against the parties of whom he has purchased. That the title of Means was superior to that of his wife and her coplaintiffs did not justify him in assuming the attitude of defendant as well as plaintiff in the action, and all of the plaintiffs are entitled to the benefit of his purchase.

We perceive no objection to the action of the court in determining the issue as to the forcible entry or as to the value of the corn and oats, and except as to the costs in favor of Means. The appellees enforced the proceedings in both cases and asked the chancellor to pass upon the issues, which he has done. Upon the return of the cause the court below will ascertain what interest Ross acquired in the land by reason of his purchase from Means, and that interest must be set apart to the plaintiffs and Ross in the original action, and for the balance of the land the appellees are entitled to a judgment, and a division may be ordered with a view of each party obtaining the possession and Ross may be allowed to file an amended pleading setting up his lien by reason of his purchase from Means, and to subject the interest thus purchased to its payment unless the appellants contribute their part of the purchase money. The interest of those who contribute will not be subjected to sale. The reversal in this court must be at the costs of Means and Ross.

Judgment *reversed* and cause remanded for proceedings consistent with this opinion.

*E. F. Dulin,* for appellants.

*W. C. Ireland,* for appellees.